IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patriot Golf and Utility Vehicles LLC, Jennifer Friend, and Grant Friend, <br><br> Plaintiffs, <br> v. <br><br> Bintelli LLC and Northpoint Commercial Finance LLC, <br><br> Defendants. | Case No. 2:26-cv-01965-RMG <br><br><br> **ORDER AND OPINION** |

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim Based on Res Judicata, (Dkt. No. 8), and Plaintiffs' Motion to Remand, (Dkt. No. 13). The motions are fully briefed, and this matter is ripe for review.

## I.     Background

### A.  Patriot's and Bintelli's Business Arraignment

This case arises from a business dispute between Plaintiffs—a golf cart dealership and its owners— and Defendants Bintelli, the manufacturer that supplied the dealership's golf carts, and Northpoint, the lender that financed the dealership's inventory. (Dkt. No. 1-1). Patriot Golf and Utility Vehicles LLC ("Patriot") is a Virgina limited liability company founded by Jen and Grant Friend. (*Id.* at 1–3). Jen and Grant Friend are the sole members of Patriot and currently reside in South Carolina. (*Id.*). Northpoint is a Delaware limited liability company, whose citizenship for purposes of diversity is in Georgia. (*Id.*). Bintelli is a South Carolina limited liability company with members who are South Carolina residents. (*Id.*).

In June of 2021, Plaintiffs and Bintelli began exploring the possibility of Patriot becoming a dealer of Bintelli's golf carts. (*Id.* at 6). As a result of these negotiations, from August 10, 2021, to January 17, 2023, Plaintiffs executed several dealership agreements, loan agreements, and other

1

contracts with Defendants. (*Id.* at 6–8). Under these agreements, Patriot purchased golf carts from Bintelli for resale and relied on Bintelli to deliver the inventory, warranty support, and replacement parts necessary to sell and service the golf carts. (*Id.*).

Plaintiffs allege that Bintelli frequently failed to deliver the ordered golf carts on time and that when they arrived the golf carts were often damaged. (*Id.*). Additionally, they claim that when Patriot submitted warranty claims, Bintelli repeatedly failed to provide the warranty and replacement parts needed to repair the damaged or defective golf carts. (*Id.*). Plaintiffs allege that these shipments were often delayed leaving the golf carts unsellable for months. (*Id.*).

On August 31, 2023, Bintelli removed Patriot's active dealer status. (*Id.* at 8–9). Thereafter, their agreements terminated. (*Id.*). Following the termination, Patriot made demands on Bintelli to repurchase Patriot's remaining inventory. (*Id.*). Bintelli refused. (*Id.*).

On March 6, 2025, Patriot entered into a Voluntary Surrender Agreement with Northpoint, pursuant to which Patriot surrendered its remaining inventory as collateral to Northpoint under the Loan Agreement. (*Id.*). Prior to the Voluntary Surrender Agreement, Northpoint and Bintelli entered into a repurchase agreement, under which Bintelli agreed, upon Northpoint's demand, to repurchase the items serving as collateral under the Loan Agreement. (*Id.*).

### B. Previous Lawsuit

On January 12, 2024, as a result of the fallout of their business agreements, Patriot filed suit against Bintelli in the Circuit Court for Prince William County, Virginia ("First Suit"). Notice of Removal, Dkt. No. 1, *Patriot Golf and Utility Vehicles LLC v. Bintelli, LLC*, 2:24-cv-01251-DCN (D.S.C. April 7, 2025). In its Complaint, Patriot asserted claims of breach of contract, negligent misrepresentation, and unfair trade practice. *Id*. Subsequently, Bintelli removed the case to the Eastern District of Virgina. *Id.* Thereafter, the parties jointly consented to transfer the case to the

2

District of South Carolina. Joint Motion to Stay Briefing and Decision on Bintelli, LLC's Motion to Dismiss, Dkt. No. 16, *Bintelli*, 2:24-cv-01251-DCN. After the case was transferred, Patriot filed its Amended Complaint. Amended Complaint, Dkt. No. 20, *Bintelli*, 2:24-cv-01251-DCN.

On February 11, 2025, Bintelli filed its Motion to Dismiss or, in the alternative, Motion for Judgment on the Pleadings. Motion to Dismiss or, in the alternative, Motion for Judgment on the Pleadings, Dkt. No. 30, *Bintelli*, 2:24-cv-01251-DCN. Patriot did not file a response to the Motion. As a result, on April 7, 2025, the District Court entered a one-page order granting the Motion to Dismiss because Patriot failed to respond ("Dismissal Order"). Order, Dkt. No. 33, *Bintelli*, 2:24-cv-01251-DCN.

Specifically, the Order stated:

This matter is before the court upon defendant's motion to dismiss this action. This motion was filed on February 11, 2025. According to the docket, no response to this motion has been filed, nor has a motion for extension of time to respond been filed. It is therefore ORDERED, that the motion to dismiss is GRANTED. AND IT IS SO ORDERED.

*Id.*

### C. Current Lawsuit

On April 8, 2026, Plaintiffs filed the present lawsuit in the Court of Common Pleas for Charleston County. (Dkt. No. 1-1). In their Complaint, Plaintiffs bring claims arising out their business deals with Defendants. (Dkt. No. 1-1). To that extent, they assert claims of breach of contract, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), various violations of Georgia law, fraudulent misrepresentation, negligent misrepresentation, and fraudulent inducement. (*Id.*).

On May 15, 2026, Defendants removed the case to this Court on the basis of diversity jurisdiction and asserted that the amount in controversy exceeded $75,000. (Dkt. No. 1). In their notice of removal, Defendants claim that Plaintiffs fraudulently joined Bintelli to this action to

3

defeat diversity jurisdiction because Plaintiffs' claims against Bintelli are barred by res judicata. (*Id.*).

On May 26, 2026, Defendants filed their Motion to Dismiss, seeking to dismiss Plaintiffs' breach of contract and SCUTPA claims asserted against Bintelli. (Dkt. No. 8). In their Motion, Defendants argue that these claims are precluded by res judicata since these were already disposed of in the First Suit. (*Id.*).

On June 12, 2026, Plaintiffs filed their Motion to Remand. (Dkt. No. 13). In their Motion to Remand, Plaintiffs argue that this Court does not have subject matter jurisdiction over this case because there is no diversity since the Plaintiffs and Bintelli are both citizens of South Carolina and their claims are not barred by res judicata. (*Id.*).

## II.   Legal Standard

### A.  Motion to Remand

Federal courts are courts of limited jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant may remove a civil action to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). There must be complete diversity, meaning "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Therefore, if a case originally brought in state court could have been instituted in federal court under diversity jurisdiction, the defendant may remove the action to federal court so long as certain procedures are followed and specific conditions are met. 28 U.S.C. §§ 1441, 1446.

To remove a case to federal court, "the defendant or defendants must file a 'notice of removal[] containing a short and plain statement of grounds for removal.'" *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (quoting 28 U.S.C. § 1446(a)). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Strawn*, 530 F.3d at 296 (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citation omitted).

Since subject matter jurisdiction is a threshold issue" which a court "must address before addressing the merits" of a claim. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). Without subject matter jurisdiction, "a court can only decide that it does not have jurisdiction." *Burrell v. Bayer Corp.*, 918 F.3d 372, 379 (4th Cir. 2019). Accordingly, when faced with a motion to remand and a motion to dismiss, a court must first assess the motion to remand and may only consider the motion to dismiss if the court determines it has subject matter jurisdiction over the action. *See id.* at 379–80.

### B. Fraudulent Joinder

"[T]he fraudulent joinder doctrine 'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). "'The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.'" *Id.* (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss

under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424 (citation omitted). "The removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Johnson*, 781 F.3d at 704 (emphasis in original) (quoting *Hartley*, 187 F.3d at 424). "[I]n determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" *Mayes*, 198 F.3d at 464 (quoting *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990)). The Court considers whether "there is no possibility that the plaintiff would be able to establish a cause of action against [Defendant] in state court." *Johnson*, 781 F.3d at 704.

## III.    Discussion

Plaintiffs argue that this case should be remanded because this Court does not have subject matter jurisdiction since there is not complete diversity among the parties. (Dkt. No. 13 at 8–9). To that extent, Plaintiffs argue that there is no diversity because the Plaintiffs and Defendant Bintelli are citizens of South Carolina. (*Id.*). In response, Defendants argue that remand is not appropriate because Bintelli was fraudulently named in this suit to destroy diversity jurisdiction. (Dkt. No. 16 at 6–13). Defendants argue that there is no possibility that Plaintiffs could establish their causes of action against Bintelli in state court because their claims are barred by res judicata. (*Id.*). To refute this argument, Plaintiffs contend that the subject matter of the cases is different and that the Dismissal Order did not operate as an adjudication on the merits and thus has no preclusive effect. (Dkt. No. 13 at 9–16). The key issue therefore for the Court to decide is whether there is some possibility that Plaintiffs' claims against Bintelli are not barred by res judicata. *Johnson*, 781 F.3d at 704.

6

Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." *Plum Creek Dev. Co., Inc. v. City of Conway*, 512 S.E.2d 106, 109 (S.C. 1999) (citing *Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 417 S.E.2d 569 (S.C. 1992)). Res judicata may apply if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the action by a court of competent jurisdiction. *Catawba Indian Nation v. State*, 756 S.E.2d 900, 907 (S.C. 2014) (citing *Johnson v. Greenwood Mills, Inc.,* 452 S.E.2d 832, 833 (S.C. 1994)). "[R]es judicata is more commonly referred to simply as claim preclusion." *Id.* at 906 (citing *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 511 S.E.2d 48, 57 (S.C. 1998)). "Claim preclusion bars plaintiffs from pursuing a later suit where the claim (1) was litigated or (2) could have been litigated." *Id.* (citing *Crestwood Golf Club, Inc. v. Potter*, 493 S.E.2d 826, 835 (S.C. 1997)). However, the doctrine of res judicata is not an "ironclad bar" to a later lawsuit. *Id.* at 907.

Here Defendants have not sufficiently demonstrated that Plaintiffs fraudulently joined Bintelli because there is some possibility that the claims are not barred by res judicata.

As an initial matter, the Court finds elements one and two of the res judicata are satisfied. Both Patriot and Bintelli were parties to the previous lawsuit. Additionally, in the First Suit Patriot brought a breach of contract, negligent misrepresentation, and unfair trade practices claim. Here Plaintiffs have only alleged breach of contract and SCUPTA claim against Bintelli. To the extent that Plaintiffs attempt to distinguish the subject matter and facts giving rise to those claims, the Court is not persuaded. Both cases stem from the actions of Bintelli and its contract with Patriot. The Court believes the claims were litigated or could have been litigated in the prior suit and involved the same parties.

7

As such, the determinative issue therefore is whether the Dismissal Order has a preclusive effect such that it operates as an adjudication on the merits for purposes of res judicata. In *Semtek Int'l Inc. v. Lockheed Martin Corp.,* Supreme Court ruled that judgments rendered by federal courts sitting in diversity are given the same preclusive effect as they would be if they were rendered by a state court in that state. 531 U.S. 497, 508 (2001). In South Carolina, dismissals pursuant to Rule 12(b)(6) are generally without prejudice, and as such usually do not operate as an adjudication on the merits. *Spence v. Spence*, 628 S.E.2d 869, 881 (S.C. 2006) ("When a complaint is dismissed under Rule 12(b)(6) for failure to state facts sufficient to constitute a cause of action, the dismissal generally is without prejudice."); *McEachern v. Black,* 496 S.E.2d 659 (S.C. Ct. App. 1998) (concluding a dismissal without prejudice is not an adjudication upon the merits and does not have res judicata effect). However, this is generally to allow the plaintiff the opportunity to amend the complaint. *Spence*, 628 S.E.2d at 881.

Applying the fraudulent joinder standard, the Court finds that there is some possibility that the Dismissal Order does not have a preclusive effect for res judicata purposes. The Dismissal Order did not state that it was with prejudice. Accordingly, under South Carolina law, it is presumed to be without prejudice and does not have a preclusive effect. *Spence*, 628 S.E.2d at 881; *McEachern,* 496 S.E.2d at 659. Even though in the First Suit, Patriot had already amended its complaint once, the general presumption under South Carolina law is that a dismissal pursuant to 12(b)(6) is without prejudice. So, when resolving all issues of law and fact in favor of Plaintiffs, as the Court must do, there is sufficient grounds to find some possibility that Plaintiffs could sustain their causes of action in state court. *Johnson*, 781 F.3d at 704 (holding that under the fraudulent joinder standard all issues of law and fact must be resolved in the plaintiff's favor).

Moreover, even if the dismissal was for grounds other than 12(b)(6), such as for failure to prosecute, it is still not clear whether the Dismissal Order would have a preclusive effect under South Carolina law because procedural dismissals are often without prejudice. *Garris v. Governing Bd. of S.C. Reinsurance Facility*, 511 S.E.2d 48, 57 (S.C. 1998) (noting restraint in the application of the doctrine of res judicata is warranted when the prior action was dismissed on procedural grounds); *Gault v. Spoon*, 167 S.E. 229 (S.C. 1932) (rejecting the defendant's res judicata argument on the plaintiff's second action, when the first action failed because the plaintiff failed to execute the bond required by statute, concluding that the first action was not allowed to proceed to a conclusion and therefore decided nothing); *c.f. Jones v. City of Folly Beach*, 483 S.E.2d 770, 773 (S.C. Ct. App. 1997) ("There is no South Carolina case which has been brought to our attention holding a dismissal with prejudice based on a failure to prosecute a claim will operate to preclude issues which would have been necessarily decided in an adjudication on the merits of the dismissed cause of action."); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327 (1955) (concluding a dismissal with prejudice, unaccompanied by findings of fact and conclusions of law, could not operate to preclude relitigating issues in a different cause of action). Thus, after resolving all issues of law and fact in the Plaintiffs' favor there is some possibility that Plaintiffs could support their causes of action against Bintelli in the state court.

This Court therefore finds that Bintelli was not fraudulently joined. As a result, there is no diversity between the parties, and this Court does not have subject matter jurisdiction. Accordingly, this case will be remanded.

## IV.    Conclusion

Thus, as subject matter jurisdiction is lacking, the Court **GRANTS** Plaintiffs' Motion to Remand (Dkt. No. 13), **REMANDS** this action to the Charleston County Court of Common Pleas,

and **DENIES WITHOUT PREJUDICE AS MOOT** Defendants' Motion to Dismiss (Dkt. No.

8).

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 21, 2026
Charleston, South Carolina